UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Robert Preston,                                                      Civ. No. 17-169 (PAM/DTS)

      Plaintiff,

v.                                                                      **MEMORANDUM AND ORDER**

Old Dominion Freight Line, Inc.,

      Defendant/Third-Party Plaintiff,

v.

Magnum LTL, Inc.

      Third-Party Defendant.

---

This matter is before the Court on cross-Motions for Summary Judgment on the Third-Party Complaint by Third-Party Plaintiff Old Dominion Freight Line, Inc., and Third-Party Defendant Magnum LTL, Inc. For the following reasons, Old Dominion's Motion is denied, and Magnum's Motion is granted.

**BACKGROUND**

This lawsuit stems from injuries Plaintiff Robert Preston—a Magnum employee—claims that he sustained after slipping and falling in an employee parking lot on his way to work at an industrial facility in Blaine, Minnesota. (See Compl. (Docket No. 1).) Old Dominion owns this facility, and it leases office space and loading docks at the facility to Magnum. (See Kuhl Decl. (Docket No. 42-1) Ex. A (Lease).) The lease agreement contains two provisions that are relevant to this matter: an indemnification provision and

an insurance provision that required Magnum to obtain a general liability insurance policy. (Id. ¶ 10(a)-(b).)

For the purposes of these Motions, neither Old Dominion nor Magnum contest the allegations in Preston's Complaint. But they do dispute the extent of Magnum's duty under the lease to indemnify and defend Old Dominion in this lawsuit, whether the general liability insurance policy that Magnum obtained satisfied its obligations under the lease, and which party was responsible for snow and ice removal in the employee parking lot.

After Preston filed this lawsuit against Old Dominion, Old Dominion tendered its defense to Magnum and Northland Insurance, Magnum's insurer. (Kuhl Decl. (Docket Nos. 42-3, 42-5) Exs. C, E.) Northland denied coverage, and Magnum refused to defend or indemnify Old Dominion. (Id. (Docket Nos. 42-4, 42-6) Exs. D, F.) Old Dominion then filed a Third-Party Complaint against Magnum, claiming breach of contract, contractual indemnity and contribution, and common law indemnity and contribution. (3d-Party Compl. (Docket No. 17).)

**DISCUSSION**

Old Dominion claims that Magnum breached the lease agreement by failing to defend and indemnify Old Dominion in this lawsuit and by obtaining inadequate insurance coverage, and it therefore seeks contractual and common law indemnification and contribution in this matter. Magnum contends that it did not breach the lease because Preston's claims arise solely out of Old Dominion's negligence, and Magnum need not indemnify or defend Old Dominion under these circumstances. Magnum also argues that

it obtained adequate insurance coverage and that the contribution claims should be dismissed because there is no common liability.

**A.     Standard of Review**

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and inferences that "may be reasonably drawn from the evidence in the light most favorable to the nonmoving party."  Enter. Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996).  The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials, but must set forth specific facts in the record showing that there is a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

The Third-Party Complaint turns on the interpretation of the lease agreement, to which Minnesota substantive law applies.  (See Lease ¶ 21(h).)  "The cardinal purpose of construing a contract is to give effect to the intention of the parties as expressed in the language they used in drafting the whole contract."  Art Goebel, Inc. v. N. Suburban Agencies, Inc., 567 N.W.2d 511, 515 (Minn. 1997).  If the language of a contract is unambiguous, the Court will enforce that contract and will not "rewrite, modify, or limit its effect."  Storms, Inc. v. Mathy Constr. Co., 883 N.W.2d 772, 776 (Minn. 2016) (quotation omitted).  A contract is ambiguous if it is "reasonably susceptible of more than

3

one meaning." Qwinstar Corp. v. Anthony, 882 F.3d 748, 754 (8th Cir. 2018) (quotation omitted).

### A. Contractual Indemnification[1]

Old Dominion argues that, under the lease agreement, Magnum has an express duty to defend and indemnify Old Dominion, even for Old Dominion's negligence. An indemnification provision that shifts liability for an indemnitee's own negligence is "not favored by the law and . . . not construed in favor of indemnification." Nat'l Hydro Sys. v. M.A. Mortenson Co., 529 N.W.2d 690, 694 (Minn. 1995). To be enforceable, such a provision "must use specific, express language that clearly and unequivocally states the contracting parties' intent for the indemnitor to indemnify the indemnitee for the indemnitee's own negligence." Dewitt v. London Road Rental Ctr., 910 N.W.2d 412, 417 (Minn. 2018) (quotation omitted).

The indemnification provision here provides that Magnum must defend and indemnify Old Dominion from "any and all claims . . . resulting from . . . bodily or personal injury . . . arising . . . out of . . . [Magnum]'s use and occupancy of the Premises, or by any act, omission, or negligence of [Magnum] or . . . their respective employees . . . , except to the extent such claims arising [sic] out of the act, omission, or negligence

---

[1] In addition to contractual indemnification, Old Dominion also claims common law indemnification. (3d-Party Compl. ¶ 23.) But Old Dominion fails to identify any common-law duty, arguing that Magnum's indemnification duty arises under the lease. (See, e.g., Old Dominion's Supp. Mem. (Docket No. 41) at 22.) Common-law indemnification is an equitable remedy that is unavailable where a valid contract governs the parties' duties. Minn. Pipe & Equip. Co. v. Ameron Int'l Corp., 938 F. Supp. 2d 862, 877 (D. Minn. 2013) (Tunheim, J.); U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981). Thus, Old Dominion's claim for common-law indemnification is dismissed.

of Landlord." (Lease ¶ 10(a)(i).)  According to Old Dominion, this provision provides two paths to indemnification: Magnum must indemnify Old Dominion for claims that arise out of (1) Magnum's use of the premises, and (2) an act, an omission, or the negligence of Magnum.  But Magnum's indemnification duty is also expressly limited—Magnum need not indemnify Old Dominion for claims "arising out of the act, omission, or negligence of [Old Dominion]."  (Id.)

Old Dominion argues that this limitation only modifies what it immediately follows, which is claims that arise out of an act, an omission, or the negligence of Magnum.  Under the last antecedent rule, "a limiting phrase . . . ordinarily modifies only the noun or phrase that it immediately follows."  Larson v. State, 790 N.W.2d 700, 705 (Minn. 2010).  This rule, however, is not absolute and can "be overcome by other indicia of meaning."  Barnhart v. Thomas, 540 U.S. 20, 26 (2003).  Read as a whole, other language in the indemnification provision establishes that Old Dominion's interpretation is simply not practical.  See Jerry's Enters., Inc. v. U.S. Specialty Ins. Co., 132 F. Supp. 3d 1128, 1133 (D. Minn. 2015) (Tunheim, C.J.) (stating that a contract is read as a whole to determine whether a duty to defend or indemnify exists).

The limitation language provides that Magnum need not indemnify Old Dominion "to the extent such claims aris[e] out of the act, omission, or negligence of [Old Dominion]."  (Lease ¶ 10(a)(i).)  And the only other reference in the indemnification provision to "claims" is in the beginning, where it states that Magnum must indemnify Old Dominion "against any and all claims."  (Id.)  The limitation's reference to "such claims" must therefore relate back and apply to the entire indemnification provision, and

5

Magnum's contractual duty is to defend and indemnify Old Dominion against any and all claims that arise out of Magnum's use of the premises or Magnum's negligence, except to the extent that a claim arises out of Old Dominion's negligence.

This interpretation is consistent with Old Dominion's interpretation of its reciprocal indemnification obligation under the lease, requiring Old Dominion to defend and indemnify Magnum from any claim "that does not arise . . . out of . . . [Magnum]'s use and occupancy of the Premises, except to the extent such claims arise out of the act, omission or negligence of [Magnum]." (Id.) According to Old Dominion, the limiting provision in its reciprocal obligation—"except to the extent such claims arise out of the act, omission or negligence of [Magnum]"—releases Old Dominion from its duty to indemnify Magnum for Magnum's own negligence. (See Old Dominion's Supp. Mem. at 9.) Finally, even if the parties had intended Magnum to defend and indemnify Old Dominion for Old Dominion's negligence, such an interpretation is not enforceable because this additional limiting language renders the provision unclear or equivocal. See, e.g., M.A. Mortenson, 529 N.W.2d at 694 ("[A]dditional limiting language may render an otherwise clear and unequivocal provision equivocal, thus precluding indemnity.").

Therefore, the indemnification provision only requires Magnum to defend and indemnify Old Dominion for claims that arise out of Magnum's use of the premises or that arise out of an act, an omission, or the negligence of Magnum; but, Magnum need not defend or indemnify Old Dominion to the extent that a claim arises out of Old Dominion's negligence.

Old Dominion argues that Magnum should still defend and indemnify Old Dominion until the extent of each party's negligence can be determined, because Magnum's negligence, at least in part, caused Preston's injury. But Preston does not allege that Magnum was negligent; he claims only that his injuries arise out of Old Dominion's negligence. And regardless, Old Dominion has presented no evidence that Magnum had a duty to remove snow or ice from the employee parking lot. Magnum cannot be negligent if it owed no duty to Preston, because "duty is a threshold question." Glorvigen v. Cirrus Design Corp., 816 N.W.2d 572, 582 (Minn. 2012).

Old Dominion employee Steve Miller testified that Old Dominion contracted with a snow removal service, and that he contacted that service as required to remove snow and ice. (Kuhl Decl. (Docket No. 42-8) Ex. H. (Miller Dep.) at 14-19, 42.) He also testified that Old Dominion was solely responsible for snow and ice removal in the employee parking lot. (Id. at 35.) Old Dominion now contends that Mr. Miller's testimony is not a legal opinion, but factually, it still suggests that the duty was Old Dominion's alone. The lease agreement states only that Magnum "shall be solely responsible for . . . all charges for snow removal." (Lease ¶ 6.) And Magnum only cleared the snow "right in front of the door" that lead to its office space. (Kuhl Decl. (Docket No. 42-9) Ex. I. (Kemmet Dep.) at 46.) Apparently, Magnum's standard practice was to relay concerns about slippery conditions in the parking lot to Old Dominion (see id. at 60-61), but this alone does not establish duty, and there is no other evidence that Magnum was responsible for snow and ice removal. Thus, even in a light

7

favorable to Old Dominion, the evidence does not establish that Magnum had a duty to remove snow from the employee parking lot.

Preston's claims arise solely out of Old Dominion's negligence, and Magnum need not defend or indemnify Old Dominion under these circumstances. Old Dominion's Motion on this issue is denied, and Magnum's Motion is granted.

**B.     Insurance Provision**

Old Dominion also claims that Magnum breached the lease by procuring an insurance policy that provided inadequate coverage. (3d-Party Compl. ¶ 18.) The lease agreement's insurance provision states that Magnum must obtain "general or comprehensive public liability insurance against any claims for bodily injury . . . occurring on, in or about the Premises and against contractual liability for any such claims . . . in the amount of Two Million Dollars" with Old Dominion "named as an additional insured where applicable." (Lease ¶ 10(b)(i).) Magnum obtained a general liability insurance policy from Northland; Magnum contends that this policy complies with the lease. (See Stock Decl. (Docket No. 38-6) Ex. F (Policy).)

Old Dominion first argues that Magnum's policy coverage is insufficient because Magnum did not name Old Dominion as an additional insured on this policy. But Magnum amended its insurance policy to add as an additional insured "any person or organization that [Magnum] agree[s] in a 'written contract requiring insurance' to include as an additional insured." (Policy at 73.) Old Dominion does not dispute that the lease constitutes a written contract that requires insurance, so Old Dominion was added as an additional insured. Old Dominion argues that Magnum's failure to specifically name Old

8

Dominion as an additional insured breached the parties' agreement. If it had been named an additional insured, Old Dominion contends that the policy would have provided greater coverage because the policy's references to "you" and "your" would have included Old Dominion. But "you" and "your" in the policy only refer to "Named Insured" (see Policy at 19), and the lease did not require that Old Dominion be a named insured on Magnum's policy. (Lease ¶ 10(b)(i).) There is a distinction between a named insured and being named as an additional insured. See, e.g., State Farm Fire & Cas. Co. v. ARC Mfg., Inc., 11 F. Supp. 3d 898, 908 (D. Minn. 2014) (Tunheim, J.) (noting that an additional insured is not necessarily a named insured). Further, Old Dominion's coverage under the policy would not have changed even if the lease required Magnum to actually name Old Dominion as an additional insured. Northland did not deny coverage because Old Dominion was not an additional insured; it denied coverage under an exclusion in the policy because it concluded that Preston's claims arose solely from Old Dominion's negligence. (Kuhl Decl. Ex. D (Docket No. 42-4) at 3.) This argument is thus unpersuasive.

Old Dominion next argues that the Northland policy does not satisfy Magnum's obligations because it does not provide coverage for Old Dominion's own negligence or for bodily injury to Magnum's employees. According to Old Dominion, the insurance provision in the lease requires Magnum to provide coverage for every claim for bodily injury that occurs on, in, or about the premises, regardless of negligence. (Old Dominion's Supp. Mem. at 14).) Magnum argues that the lease's insurance provision only requires coverage for claims related to Magnum's use of the premises, similar to the

9

wording in the lease's indemnification provision.  (Magnum's Opp'n Mem. (Docket No. 45) at 10.)

The Court must "read contract terms in the context of the entire contract and will not construe the terms so as to lead to a harsh and absurd result."  <u>Brookfield Trade Ctr. v. Cty. of Ramsey</u>, 584 N.W.2d 390, 394 (Minn. 1998).  An ambiguous contractual provision must be construed against the drafter.  <u>Qwinstar Corp.</u>, 882 F.3d at 755.

Old Dominion's interpretation of the insurance provision here attempts to guarantee insurance coverage for Old Dominion regardless of fault, the circumstances surrounding the injury, who was injured, and the nature of the claim.  Indeed, Magnum would have to provide insurance coverage where a claim does not even involve Magnum's use of the premises or Magnum's acts, omissions, or negligence, which directly conflicts with the indemnification provision.  This is simply too broad and impractical.

Additionally, Old Dominion's interpretation would require Magnum to provide insurance coverage for claims for bodily injury brought by Magnum's employees, even though the exclusive remedy provision in Minnesota's workers' compensation laws precludes such claims.  <u>See</u> Minn. Stat. § 176.031.  The insurance provision ostensibly contemplates such laws because it also requires Magnum to obtain "Workers' Compensation Insurance and employer's liability insurance as required by law," in addition to general liability coverage.  (Lease ¶ 10(b)(i).)

For these reasons, the Court concludes that Old Dominion's interpretation is overbroad and would lead to an absurd result.  The insurance provision requires only that

10

Magnum obtain insurance coverage related to its use of the premises. The Northland policy satisfies this obligation. Therefore, Magnum's Motion on this claim is granted and Old Dominion's claim is dismissed.

**C.     Contribution**

The Third-Party Complaint claims contractual and common-law contribution. "Contribution requires, first, a common liability of two or more actors to the injured party, and second, payment by one of the actors of more than its fair share of the common liability." City of Willmar v. Short-Elliott-Hendrickson, Inc., 512 N.W.2d 872, 874 (Minn. 1994). Common liability requires both parties to be liable for the same damages. Id. Old Dominion cannot establish common liability because, as discussed above, Magnum is not liable to Preston for his injuries. Old Dominion's claims for contractual and common-law contribution are dismissed.

**CONCLUSION**

Magnum need not indemnify or defend Old Dominion in this matter, and Magnum's insurance policy satisfied its obligations under the lease. Accordingly, **IT IS HEREBY ORDERED that**:

1. Third-Party Plaintiff Old Dominion Freight Line's Motion for Summary Judgment (Docket No. 33) is **DENIED**;

2. Third-Party Defendant Magnum LTL's Motion for Summary Judgment (Docket No. 35) is **GRANTED**; and

3. The Third-Party Complaint (Docket No. 17) is **DISMISSED with prejudice**.

Dated:  July 23, 2018

                                                   *s/Paul A. Magnuson*
                                                   Paul A. Magnuson
                                                   United States District Court Judge